# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD ROGERS, #B82587,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16−cv−01353−JPG |
| ) | |
| **ROBERT CROW,** ) | |
| **RANDY COBB,** ) | |
| **OFFICER KALEENA,** ) | |
| **HAMILTON COUNTY,** ) | |
| **and WHITE COUNTY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Richard Rogers, an inmate who is currently incarcerated in Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that officials at White County Jail and Hamilton County Jail failed to provide him with timely treatment for Methicillin-resistant Staphylococcus aureus ("MRSA"). (Doc. 7, pp. 5-6). As a result, he became seriously ill. *Id*. Plaintiff now seeks monetary relief against Robert Crow (Hamilton County Sheriff), Randy Cobb (White County Sergeant), Officer Kaleena (White County official), Hamilton County, and White County. (Doc. 7, p. 7).

This case is now before the Court for a preliminary review of the First Amended Complaint (Doc. 7) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint survives preliminary review under this standard.

**First Amended Complaint**

According to the First Amended Complaint, Plaintiff contracted MRSA following his detention at White County Jail in April 2016. (Doc. 7, p. 5). Sometime in July 2016, he notified a member of the White County Jail's medical staff, Officer Kaleena, that he was experiencing "pain in the back of [his] head." *Id*. Officer Kaleena observed a sore on Plaintiff's head. *Id*. However, she said that nothing could be done because Hamilton County was responsible for him, not White County. *Id*.

Plaintiff wrote letters directly to Hamilton County's Sheriff (Robert Crow) and a White County Sergeant (Randy Cobb). (Doc. 7, p. 6). He complained of pain and requested medical treatment for it. *Id*. Both defendants "disregarded" Plaintiff's requests. *Id*.

While making rounds three weeks later, Officer Kaleena again examined the sore on Plaintiff's head. (Doc. 7, p. 5). It looked much worse, and Plaintiff was sent to Hamilton County Hospital for further evaluation. *Id*. There, he was diagnosed with MRSA. *Id*. Because of the delay in treatment, the infection had entered Plaintiff's bloodstream. *Id*. He became seriously ill and was transferred to Mount Vernon Good Samaritan Hospital for further treatment. *Id*. Plaintiff remained there for a month. *Id*. He then transferred to Menard Correctional Center, where he received forty-five days of additional treatment in the prison's health care unit. *Id*.

Plaintiff alleges that he will carry MRSA for the rest of his life. (Doc. 7, p. 5). He has also suffered from and been treated for a kidney infection since his diagnosis with MRSA. (Doc. 7, p. 6). Had Officer Kaleena provided him with prompt treatment, Plaintiff claims that the infection could have been avoided. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* First Amended Complaint into the following count:

> **Count 1** – Defendants denied Plaintiff adequate and timely medical treatment for MRSA in 2016, in violation of his constitutional rights.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count should not be

construed as an opinion regarding its merit. **Any claims not recognized above but encompassed by the allegations in the First Amended Complaint are considered dismissed without prejudice from this action.**

**Count 1**

The legal standard that governs this claim depends on Plaintiff's status as a pretrial detainee or a convicted prisoner during the relevant time period. The Fourteenth Amendment Due Process Clause applies to claims of pretrial detainees, and the Eighth Amendment governs claims brought by prisoners. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). A pretrial detainee is entitled to freedom from conditions that constitute "punishment" under the Fourteenth Amendment, while a convicted prisoner is entitled to freedom from "cruel and unusual punishment" under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

With that said, there is little practical difference between the two standards in the context of medical claims. *Dart*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."). "An act or practice that violates the [E]ighth [A]mendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A pretrial detainee is entitled to at least as much protection as a prisoner. Against this backdrop, the Court will consider Plaintiff's claim.

A plaintiff bringing a claim for the denial of medical care must generally allege that he suffered from a sufficiently serious medical condition (an objective standard) and that officials

responded to the condition with deliberate indifference (a subjective standard). *Farmer*, 511 U.S. at 834; *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011); *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008). A medical condition is considered serious if failure to treat the condition could result in unnecessary pain, it has been diagnosed by a physician as requiring treatment, or the need for treatment would be obvious to a lay person. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011); *Gutierrez v. Peters*, 111 F.3d 1364, 1373-74 (7th Cir. 1997). Deliberate indifference is shown when a prison official knows of and disregards a substantial risk to an inmate's health or safety. *Arnett*, 658 F.3d at 751.

The allegations suggest that Plaintiff suffered from an objectively serious medical condition. Plaintiff allegedly contracted MRSA, an infection that caused pain and necessitated extended in-patient treatment. *See Myrick v. Anglin*, 496 F. App'x 670 (7th Cir. 2012) (MRSA infection considered sufficiently serious to support Eighth Amendment claim where plaintiff complained of "excruciating pain."). These allegations satisfy the objective component of this claim for screening purposes.

The question becomes whether any defendant responded to Plaintiff's serious medical condition with deliberate indifference. The allegations support a deliberate indifference claim against Officer Kaleena. After first observing the painful sore on Plaintiff's head, the officer told him there was nothing that could be done because he was not the responsibility of White County. (Doc. 7, p. 5). Officer Kaleena changed positions three weeks later after observing Plaintiff's wound a second time and sent Plaintiff to the hospital for treatment. *Id*. This type of delay in treatment can support a claim of deliberate indifference, if it exacerbates an inmate's injury or unnecessarily prolongs his pain. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Plaintiff alleges that the delay did both. (Doc. 7, pp.

5-6). Under the circumstances, Count 1 cannot be dismissed against Officer Kaleena in her individual capacity. Plaintiff brings no official capacity claim against any of the defendants.

The First Amended Complaint includes insufficient allegations to support a claim against any other defendants. Plaintiff alludes to letters he wrote to Sheriff Crow and Sergeant Cobb, in which he complained of pain and requested treatment for it. (Doc. 7, p. 6). The allegations against these defendants are threadbare and offer no indication that either defendant was personally involved a constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (threadbare allegations insufficient to support claim). Plaintiff does not describe the contents of these letters or grievances. He does not indicate when he sent them to each defendant. He did not file a copy of any letters or grievances with the Complaint (Doc. 1), the First Amended Complaint (Doc. 7), or his Supplemental Exhibits (Doc. 14). In fact, the only grievance Plaintiff submitted as an exhibit was a *blank* grievance form that he appended to both the Complaint (Doc. 1, p. 8) and the First Amended Complaint (Doc. 7, p. 8). The individual capacity claims against Sheriff Crow and Sergeant Cobb are undeveloped, and Plaintiff asserts no official capacity claims against either defendant. Under the circumstances, Count 1 shall be dismissed against Sheriff Crow and Sergeant Cobb without prejudice for failure to state a claim upon which relief may be granted.

The claims against White County and Hamilton County meet the same fate. Although Plaintiff names both counties as defendants in this action, he does not explain why. A municipality or local governmental entity cannot be held vicariously liable for the misconduct of its employees. *Daniel v. Cook County*, 833 F.3d 728, 733 (7th Cir. 2016); *Montano v. City of Chi.*, 535 F.3d 558, 570 (7th Cir. 2008). In order to obtain relief against a municipality or local governmental entity, a plaintiff must allege that the constitutional deprivations were the result of

an official policy, custom, or practice of the municipality or local governmental entity. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). Plaintiff points to no policy, custom, or practice that served as the driving force behind his constitutional deprivation. *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (Plaintiff must demonstrate that the defendants' official policy, widespread custom, or action by an official with policy-making authority was the moving force behind his constitutional injury.). *See also City of Canton v. Harris*, 489 U.S. 378, 379 (1989). In the absence of such allegations, the Court cannot allow this claim to proceed against either county at this time. Accordingly, Count 1 shall be dismissed without prejudice against White County and Hamilton County.

### **Pending Motions**

**1.      Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel shall be **REFERRED** to a United States Magistrate Judge for a decision.

**2.      Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's Motion for Service of Process at Government Expense is **DENIED**. The motion is unnecessary because Plaintiff was granted leave to proceed *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**3.      Motion to File Amended Complaint (Doc. 15)**

Plaintiff's Motion to File Amended Complaint is **DENIED** without prejudice. In the Motion, Plaintiff seeks leave to name "Sheriff Robert Crow, et al." as a defendant. However, Plaintiff already named Sheriff Crow as a defendant in the original Complaint (Doc. 1) and the First Amended Complaint (Doc. 7). He refers to no additional unknown defendants in the

statement of his claim in the First Amended Complaint, and he failed to file a proposed Second Amended Complaint with the Motion.[1]

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **OFFICER KALEENA** in her individual capacity only. However, the official capacity claim against Defendant **OFFICER KALEENA** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 1** is also **DISMISSED** without prejudice against Defendants **ROBERT CROW**, **RANDY COBB**, **HAMILTON COUNTY**, and **WHITE COUNTY** on the same ground.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **KALEENA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 7), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall

---

[1] If Plaintiff seeks to add other known or unknown defendants, he must file a proposed Second Amended Complaint along with a Motion for Leave to Amend. *See* FED. R. CIV. P. 15. Further, because an amended complaint supersedes and replaces all prior complaints, any proposed amended complaint must stand on its own without reference to any other pleading. Plaintiff may include the names of the existing defendants and additional known or unknown defendants (using "John or Jane Doe" to designate unknown defendants). *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). He must also include allegations in his statement of claim which demonstrate how *each defendant* was personally involved in the deprivation of his constitutional rights.

furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 5, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**